1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   M.L. COFFEE,

11              Plaintiff,                    No. CIV S-09-134 WBS KJM P

12        vs.

13   D.K. SISTO, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1    collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4           A claim is legally frivolous when it lacks an arguable basis either in law or in

5    fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

6    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.

8    Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

9    inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

10    639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should

11    only be dismissed for failure to state a claim upon which relief may be granted if it appears

12    beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would

13    entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

14           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

17    Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must

18    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

19    factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

20    "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

21    notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551

22    U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

23    accept as true the allegations of the complaint, id., and construe the pleading in the light most

24    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

25           Plaintiff alleges that defendants Eck, Scotland ,Wamble, Easterling and Esquire

26    ignored his medical chronos for placement on the first tier, in a lower bunk, and further alleges

that several months later, he fell while being escorted to his cell on an upper tier.  This states an

Eighth Amendment claim against these defendants.

Plaintiff names as defendants various prison officials who presided over a

disciplinary hearing or who were involved in the appeal from the disciplinary findings.

However, to the extent that plaintiff is challenging the results or the operation of the internal

appeals process, the complaint fails to state a claim.   A prisoner has no constitutional right to a

prison grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Because

inmates do not have a substantive right to prison grievance procedures, the manner in which a

grievance is processed does not give rise to a civil rights claim.  This claim should not be

included in any amended complaint.

In addition, the exact nature of plaintiff's claim against defendant Ferguson, who

presided over the disciplinary hearing, is not entirely clear: plaintiff does not describe any

improprieties in the hearing itself.  Moreover, although plaintiff does allege that an appeal from

the finding was partially granted, he does not allege that the finding was reversed.   In Heck v.

Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled a § 1983 action that would necessarily

call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff

can show his conviction has been reversed.  Id. at 486-87.   In Edwards v. Balisok, 520 U.S. 641,

643 (1997), the Court ruled Heck applied to actions "challenging the validity of the procedures

used to deprive an inmate of good-time credits. . . . "  Because plaintiff does not allege that the

results of the hearing have been overturned, this claim, whatever its nature, is not cognizable as

alleged.

Plaintiff also alleges that his counselor, defendant Valencia, refused to schedule

him for an ICC after disciplinary proceedings were resolved; he claims this constitutes a

violation of his right to due process.  The Due Process Clause protects prisoners from being

deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first

3

1   establish the existence of a liberty interest.  Generally, there is no liberty interest in remaining in

2   the general prison population instead of segregation.  See Hewitt v. Helms, 459 U.S. 460, 466-68

3   (1983).  In addition, in Sandin v. Conner, 515 U.S. 472, (1995), the Supreme Court held that

4   liberty interests created by prison regulations are limited to freedom from restraint which

5   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

6   prison life."  Id. at 484.  Thus, even to the extent that plaintiff claims state regulations have

7   established a time frame for holding ICC hearings after the resolution of disciplinary hearings,

8   these allegations do not necessarily create a liberty interest in such hearings.  The Ninth Circuit

9   has found a right to periodic review of segregated placement, but has not established rigid

10  guidelines for the frequency of such hearings.  Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th

11  Cir. 1986).  Plaintiff has not provided sufficient information for the court to determine that any

12  delay violated his rights: he has not identified when the hearing was held following the

13  resolution of the disciplinary proceedings.

14          Plaintiff may proceed on this amended complaint as to his Eighth Amendment

15  claims or may submit a second amended complaint.  If plaintiff chooses to amend the complaint,

16  plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of

17  plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the

18  complaint must allege in specific terms how each named defendant is involved.  There can be no

19  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

21  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

22  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

23  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

26  amended complaint be complete in itself without reference to any prior pleading.  This is

4

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
<u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
original complaint, each claim and the involvement of each defendant must be sufficiently
alleged.

Plaintiff has filed a document entitled "first set of requests for production of
documents."  Plaintiff is informed that court permission is not necessary for discovery requests
and that neither discovery requests served on an opposing party nor that party's responses should
be filed until such time as a party becomes dissatisfied with a response and seeks relief from the
court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties
shall not be filed with the court unless, and until, they are at issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (docket no. 9) is
granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
The fee shall be collected and paid in accordance with this court's order to the Director of the
California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall notify the court
whether he wishes to proceed on the amended complaint as to the Eighth Amendment claims
only or he shall file an original and one copy of the Second Amended Complaint.  Plaintiff's
second amended complaint shall comply with the requirements of the Civil Rights Act, the
Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
complaint must bear the docket number assigned this case and must be labeled "Second
Amended Complaint"; failure to file a second amended complaint or a notice that he wishes to
/////

proceed on the amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    5.  The Clerk of the Court is directed to send plaintiff a copy of the form for a civil rights action by a prisoner.

    6.  Plaintiff's motion for the production of documents (docket no. 10) will be placed in the court file and disregarded.  Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

DATED:  July 14, 2009.

_____
U.S. MAGISTRATE JUDGE

2/mp/coff0134.14